ACCEPTED
04-14-00762-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/6/2015 3:24:33 PM
KEITH HOTTLE
CLERK



*Office of the 198ᵗʰ Judicial District Attorney*
Bandera and Kerr Counties
*Scott F. Monroe, District Attorney*

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
7/6/2015 3:24:33 PM

KEITH E. HOTTLE
Clerk

July 6, 2015

Keith Hottle
Clerk, Fourth Court of Appeals
300 Dolorosa Ste 3200
San Antonio, Texas 78205-3037

Re: *Van Winkle v. State*, No. 04-14-00762-CR - Confession of Error

Dear Mr. Hottle:

The State will not file a brief in this matter contesting relief as to Appellant's first point of error. Therefore, please accept this letter in lieu of a State's brief in this case.

The State concedes that the trial court committed reversible error by including the offense of arson of a vehicle in its charge to the jury on guilt or innocence. The State also concedes that Appellant was harmed by being found guilty of that offense.

The parties treated the offense of arson of a vehicle as a lesser included offense of arson of a habitation. During trial the State requested a charge on arson of a vehicle because it was raised by the testimony of Appellant. However, when the State requests a lesser included offense be included within the charge, the test for whether or not it is entitled to that submission does not encompass the evidence. *Grey v. State*, 298 S.W.3d 644, 645 (Tex.Cr.App. 2009).

The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the charged offense, is a question of law. *Hall v. State*, 225 S.W.3d 524, 535 (Tex.Cr.App. 2007). It does not depend on the evidence produced at trial. *Hall*, 225 S.W.3d at 535. To determine if the lesser offense is a lesser-included offense of the charged offense, it is necessary to compare the elements of the charged offense, as modified by the particular allegations in the indictment, against the elements of the lesser offense. *Wortham v. State*, 412 S.W.3d 552, 555 (Tex.Cr.App. 2013); *Hall*, 225 S.W.3d at 536. A comparison of the elements of the offense charged and that for which guilt was found is appropriate. *Hall*, 225 S.W.3d at 536.

The elements of the charged offense, as modified by the indictment, are:

    1) A person,

    2) with intent to damage or destroy a habitation,

---

402 Clearwater Paseo, Suite 500, Kerrville, TX 78028
Phone 830-315-2460, Fax 830-315-2461

3) starts a fire in a vehicle, a car, regardless of whether the fire continues after ignition,

4) knowing that it is located on property belonging to another.

Penal Code § 28.02(a)(2)(D); (see CR 5). Additionally, as an element of punishment only, by its allegation of intent to destroy a habitation, the indictment alleged facts showing a first degree felony Penal Code § 28.02(d)(2).

The elements of the "lesser included offense," for which Appellant was found guilty, were set out in the charge as:

1) A person,

2) with intent to damage or destroy a vehicle,

3) starts a fire,

4) knowing that the vehicle is located on property belonging to another.

(CR 54). In dealing with lesser included offenses and the two part test for whether a requested charge on the lesser included offense should be included, the Court of Criminal Appeals has written:

> The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a question of law. It does not depend on the evidence to be produced at the trial. It may be, and to provide notice to the defendant must be, capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense.

*Hall*, 225 S.W.3d at 535-536. The indictment in the instant case alleged that Appellant did:

> with intent to damage or destroy a habitation located 108 Oak Lawn, Bandera County, Texas, start a fire, by setting a car on fire next to the habitation, knowing that said habitation was located on property belonging to another, namely Jaylun Melius.

The indictment thus alleges an offense under Penal Code § 28.02(a)(D). The only question is whether the indictment alleged arson of a vehicle under the same section.

The Waco Court of Appeals examined the question of whether an indictment alleging an offense under Penal Code § 28.02(a)(2)(F), included the elements of an offense under Penal Code § 28.02(a-2). The Court found that it did not, and wrote:

> The elements of the arson under subsection 28.02(a-2) therefore require at least one element that the elements of the arson, as modified by the indictment, do

not. Thus, the offense of arson under subsection 28.02(a-2) is not a lesser-included offense of the charged offense of arson according to article 37.09 of the Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 37.09.

*Loya v. State*, No. 10-14-00042-CR (Tex.App - Waco February 19, 2015)(not designated for publication).

The indictment in the instant case did not include several elements of the lesser included offense, including the intent to damage or destroy a vehicle and that he acted with knowledge that the vehicle was located on property of another.

Appellant timely and properly objected:

> MR. PHILLIPS: The defense objects, Judge, to the charge as written. I object to the lesser-included offense language in the charge, and I believe it should be an all or nothing charge based on the indictment read, the fact that my client didn't have proper notice to defend himself against the other charges that are not -

(RR Vol. 4, P. 90). That objection was overruled. (RR Vol. 4, P. 89). Earlier, the parties had discussed the charge and the fact that the instructions on arson of a vehicle would be the first lesser included offense included and that the second lesser included offense would be the state jail offense denounced under Penal Code § 28.02(a-2). The defense was specific about objecting to "the second step" (RR Vol. 4, P. 89). That objection was also overruled. (RR Vol. 4, P. 89).

Appellant was not charged with arson of a vehicle by the indictment, was never asked to defend against or to plead to it, and was never placed in jeopardy with regard to it. Accordingly, the State agrees with Appellant's first point of error, that error has been committed requiring the reversal of the unsupported conviction. Additionally, as Appellant timely objected to the inclusion of the instruction in the court's charge, Appellant has suffered some harm and is entitled to relief under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App. 1985).

As the State confesses error, it is unnecessary to address point of error number Two.

Sincerely,

Scott F. Monroe
198th District Attorney

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X7 software, contains 1,078 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on July 6, 2015, a true and correct copy of the above and foregoing "Confession of Error" was transmitted via the eService function on the State's eFiling portal, to Patrick Maguire (mpmlaw@ktc.com), counsel of record for Jason Robert Van Winkle.

_____
Scott F. Monroe